UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 1 of 9 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

Proceedings:  **IN CHAMBERS—ORDER RE SUPPLEMENTAL BRIEFING RE PLAINTIFF'S MOTION TO REMAND, AND ORDER DISMISSING ACTION**

## I.
## INTRODUCTION

On December 19, 2012, this Court issued an order denying Plaintiff's Motion to Remand ("Diversity Order") [Doc. # 70].  The Court found that, in light of the Ninth Circuit's holding in *Dep't of Fair Emp. & Hous. v. Lucent Techn., Inc.*, 642 F.3d 728 (9th Cir. 2011), the Los Angeles City Employee's Retirement System ("LACERS"), and not the People of the State of California, is the real party in interest in this action for diversity purposes.  Accordingly, the Court concluded that removal was proper based on diversity of citizenship.

On December 19, 2012, the Court also granted in part and denied in part Defendant Pension Consulting Alliance's ("PCA") motion to dismiss ("Dismissal Order") [Doc. # 71].  The Court found that Plaintiff lacks standing to pursue its claims under the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, in this Court, and it found that the Complaint failed to state a claim for relief under the California False Claims Act ("CFCA"), Cal. Gov't Code §§ 12650 *et seq.* as against PCA.  (*Id.*)  Accordingly, the Court dismissed Plaintiff's CFCA claim against PCA and ordered the parties to submit supplemental briefing on whether the Court should remand or dismiss without prejudice the UCL claims.  (*Id.*)  In response to the Court's order, Plaintiff filed new evidence and arguments not previously raised ("Pl.'s Suppl. Brief") [Doc. # 76].  Noting its continuing duty to examine the existence of subject matter jurisdiction, the Court granted Defendants leave to respond to Plaintiff's request for reconsideration of its Diversity Order.  [Doc. # 83.]

On February 7, 2013, Plaintiff filed a First Amended Complaint ("FAC"), again alleging claims under the UCL and CFCA against Defendants PCA and Northern Trust.  [Doc. # 79.]

**CIVIL MINUTES—GENERAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01813 DMG (FMOx) | | Date | April 10, 2013 |
|---|---|---|---|---|

| Title | *The People of the State of California v. Northern Trust Corp., et al.* | Page | 2 of 9 |
|---|---|---|---|

      The parties have exhaustively briefed both the question of remand and the fate of the UCL claims. [Doc. ## 14, 26, 27, 75, 76, 87, 88.]  Having duly considered the arguments of both sides, the Court reaffirms its original conclusion and **DENIES** Plaintiff's motion for reconsideration of the order denying complete remand.  As the UCL claims cannot be pursued in federal court and dismissal would likely require Plaintiff to forfeit those claims, the UCL claims are **REMANDED** to Los Angeles County Superior Court.

## II.
## DISCUSSION

### A.    <u>The Court Has Jurisdiction on the Basis of Diversity of Citizenship Under *Lucent*</u>

      For the purposes of diversity jurisdiction, "a State is not a citizen of itself."  *Lucent*, 642 F.3d at 736-38 (quoting *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 291 n.44, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985)).  In its Diversity Order, the Court concluded that, based on *Lucent*'s new standard for determining the real party in interest and its subsequent discussion of that standard in *Nevada v. Bank of America Corp.*, 672 F.3d 661, 670 (9th Cir. 2012), Defendants have established that LACERS, and not the People, is the real party in interest, and that therefore this Court must exercise jurisdiction over the action based on diversity of citizenship.  *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1006-07 (9th Cir. 2001) (where district court lacks jurisdiction to decide some, but not all, of the plaintiff's claims, it may not remand the entire case).

      In *Lucent*, the Ninth Circuit announced a new, more rigorous standard for ascertaining the real party in interest in cases removed to federal court based on diversity jurisdiction.  After *Lucent*, a State's "general governmental interest[s]" in the welfare of its citizenry and enforcement of its laws "will not satisfy the real party to the controversy requirement for the purposes of defeating diversity" unless the suit seeks relief that "inures to [the State] alone." 642 F.3d at 737 (citing *Ex parte Nebraska*, 209 U.S. 436, 444, 28 S. Ct. 581, 52 L. Ed. 876 (1908); *Missouri, K. & T. Ry. Co. of Kansas v. Hickman*, 183 U.S. 53, 60, 22 S. Ct. 18, 21, 46 L. Ed. 78 (1901)).  Mere "control [of] the course of litigation" will not make the State a real party in interest unless accompanied by a unique and substantial interest of the State, even where a state statute authorizes suit on behalf of the State.  *Id.* at 749 n.4 (citing *Missouri*, 183 U.S. at 60) ("[C]ontrol alone cannot render California a real party in interest because a state can always bestow upon itself control over virtually any lawsuit via legislation.").  In *Lucent*, the Ninth Circuit concluded that the individual on whose behalf the Department of Fair Employment and Housing ("DFEH") brought suit, and not the State of California, was the real party in interest for diversity purposes.  *Id.* at 740.  First, the court found that the statutory authority for DFEH's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | | Date | April 10, 2013 |
|---|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 3 of 9 |
|---|---|---|---|

initiation of suit articulated only "the very 'general governmental interest[s]' that the Supreme Court has stated cannot satisfy the diversity requirement." *Id.* at 738-39 (citing *Missouri*, 183 U.S. at 60). Second, the equitable remedies sought did not "constitute a substantial state interest" because they "could be obtained by the individual aggrieved." *Lucent*, 642 F.3d at 739.

The Ninth Circuit elaborated on this new approach in *Nevada v. Bank of America Corp*, in which the Nevada Attorney General sued Bank of America for allegedly misleading Nevada consumers about home mortgage and foreclosure procedures in violation of Nevada's Deceptive Trade Practices Act. 672 F.3d at 664. The court concluded that *Lucent* requires an examination of "the essential nature and effect of the proceeding as it appears from the entire record." *Id.* at 670 (citing *Lucent*, 642 F.3d at 740). The complaint sought to enforce a consent judgment, civil penalties, declaratory and injunctive relief, and restitution for consumers across Nevada who were allegedly harmed by Bank of America's false statements. *Id.* at 665. Whereas in *Lucent* the state remedies were tangential to the private relief sought, in *Nevada*, the State sought "substantial relief that [was] available to it alone," including enforcement of a consent judgment, civil penalties, and injunctive relief that was subject to a lesser evidentiary standard than for private individuals. *Id.* at 671-72 (citing Nev. Rev. Stat. § 598.0975(3)(b)). Notably, the Court emphasized that the State of Nevada sought redress for wrongs that had caused "widespread and devastating injury not only to those borrowers who [were] defrauded, *but also on other Nevada residents and the Nevada economy as a whole.*" *Id.* at 670 (emphasis added). Based on all of these considerations, the court found that the State was the real party in interest in *Nevada*.

This Court follows the substantive law of California when determining whether the State is the real party in interest in this action. *See Lucent*, 642 F.3d at 738. As Plaintiff points out in its supplemental briefing, California law considers restitution to be "ancillary" relief in UCL cases. *See In re Tobacco Cases*, 46 Cal. 4th 298, 319, 207 P.3d 20, 34 (2009) (characterizing restitution sought in UCL action as "ancillary" to injunctive relief); *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 17, 141 Cal. Rptr. 20 (1977) (same).[1] Nevertheless, *Lucent* reaffirmed the longstanding principle that a state may not "defeat federal jurisdiction under 28 U.S.C. § 1332(a)(1), over an action between what would otherwise be two diverse citizens,

---

[1] In its previous order, the Court did not intend to disregard well-established authority that restitution is generally considered ancillary relief in UCL claims. In *Pacific Land Research Co.*, the primary purpose of the suit—on the face of the Complaint—was to vindicate a general law enforcement interest on behalf of California land purchasers, and therefore the restitution sought on behalf of individual vendees was an "ancillary" form of relief. *See* 20 Cal. 3d at 17. In contrast, the Complaint in this case simply does not reflect any generalized law enforcement interest beyond vindicating the rights of LACERS. The Court's reference to *Pacific Land Research Co.* in its previous order served merely to highlight the disparity of emphasis in the Complaint as a whole between the alleged facts supporting restitution versus those supporting civil penalties and injunctive relief. As pleaded, the civil penalties and injunctive relief sought in this case appear to be an afterthought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 4 of 9 |
|---|---|---|---|

merely by enacting legislation pursuant to its police powers."  642 F.3d at 739, n.6 (citing *Missouri*, 183 U.S. at 60).  Accordingly, although the Court does not disregard that the UCL authorizes the Los Angeles City Attorney to bring this action "in the name" of the State, this statutory language does not require the Court to find that the State is in fact the real party in interest for diversity purposes.[2]  *See id.*

**1.     Pre-*Lucent* Cases Do Not Establish that the State Has a Substantial Interest in the Action**

Plaintiff first asserts that California and Ninth Circuit law have long recognized that a request for restitution will not alter the law-enforcement nature of a UCL claim brought by the State, and that therefore its own claims are of a public nature regardless of the relief sought. (Pl.'s Suppl. Brief at 4-8.)  Prior to *Lucent*, California courts and the Ninth Circuit recognized that UCL claims brought by state entities are suits for the public benefit, regardless of whether restitution for private parties is sought.  *See, e.g., City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1126 (9th Cir. 2006) (finding that UCL restitution claims "filed by governmental entities in this case are fundamentally law enforcement actions designed to protect the public"); *State v. Altus Fin., S.A.*, 36 Cal. 4th 1284, 1306, 32 Cal. Rptr. 3d 498 (2005) ("An action filed by the People seeking injunctive relief and civil penalties is fundamentally a law enforcement action designed to protect the public and not to benefit private parties."); *see also People v. Superior Court (Jayhill)*, 9 Cal. 3d 283, 286, 107 Cal. Rptr. 192 (1973) ("[I]n an action by the Attorney General under section 17535 a trial court has the inherent power to order, as a form of ancillary relief, that the defendants make or offer to make restitution . . . .").

These cases fail to address the requirement, after *Lucent* and *Nevada*, that a court examine the case "as a whole" to determine the real party in interest, and that a part of that examination involves whether the State has more than "general governmental interest[s]" in the outcome of the suit.  *See Lucent*, 642 F.3d at 738.  In its supplemental briefing, Plaintiff argues that the potential civil penalties available in this case may total as much as $2.5 billion and that therefore the Court's finding that the civil penalties are secondary to the claim for restitution is incorrect.[3]  (*See* Diversity Order at 6; Pl.'s Suppl. Brief at 16-17.)  The Court need not determine

---

[2]  The Court considers only the Complaint before it and draws no conclusions as to the ability of State officials to bring UCL actions in the future under different facts.  Indeed, the facts of *Nevada* illustrate how a complaint might articulate a state interest substantial enough to render the state the real party in interest.  As discussed in its Diversity Order and here, the Court finds that the present Complaint fails to clearly articulate such an interest.

[3]  Plaintiff's calculation includes a class of victims spanning from Los Angeles taxpayers to the pension funds of San Francisco, San Jose, Fresno, Los Angeles, and San Joaquin County.  (Pl.'s Suppl. Brief at 17.)  Yet, none of these classes of victims are mentioned anywhere in the 350 paragraphs of the Complaint.  The other pension

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-01813 DMG (FMOx) | Date | April 10, 2013 |
|---|---|---|---|

| Title | *The People of the State of California v. Northern Trust Corp., et al.* | Page | 5 of 9 |
|---|---|---|---|

the precise amount of civil penalties at this stage, and in any event the Court's own calculation was merely for illustrative purposes. Where the State has delineated a clear and overarching sovereign interest in the action, it may not matter that the amount of restitution sought outpaces the amount of civil penalties. Here, looking at the Complaint as a whole, the substantive allegations simply do not bear out Plaintiff's assertion that civil penalties and injunctive relief are a primary purpose or driving force of the lawsuit. The Complaint focuses entirely on Defendants' misconduct with respect to LACERS and seeks treble damages under the CFCA and over $95 million in restitution under the UCL as its primary benefit—these claims for private relief are not merely "tacked on" as they were in *Nevada* (*see* Compl. pp. 70-71, ¶ 25 ("This lawsuit concerns the loss of funds from LACERS, a political subdivision . . . .")). *Nevada*, 672 F.3d at 671. The Complaint's utter lack of articulation of harm to the broader public or the State's interest in vindicating any public interest lends further support to the Court's conclusion that, under *Lucent*, the State cannot reasonably be considered the real party in interest in the operative Complaint. Plaintiff may not alter the fundamental nature of the Complaint by describing new types of alleged misconduct and victims that are not specified in the Complaint.[4]

## 2.    Post-*Lucent* Cases Do Not Alter the Court's Reading of *Lucent*

Plaintiff cites several district court cases that have issued following *Lucent*, but these cases fail to persuade the Court that it is not bound under *Lucent* to apply a more rigorous test to the real party in interest inquiry and require a state-specific benefit. First, in *California ex rel. Brown v. Villalobos*, 453 B.R. 404, 409 (D. Nev. 2011), the People filed an enforcement action against Villalobos under the California Corporations Code, and the court examined whether that action was exempt from an automatic bankruptcy stay as an action of "police and regulatory power." The court found that the restitutionary remedies sought did not turn the action into a pecuniary one, and it found the action exempt from automatic stay as a suit for the protection of public safety and welfare. *Id.* at 413. Although Plaintiff argues that *Villalobos* suggests that,

---

plans are alluded to for illustrative purposes only at paragraph 278, and not by name. Therefore, the Court declines to jerry-rig a passing reference in the 278th paragraph of the Complaint into the gravamen of the action.

    [4] For example, Plaintiff now argues that the Complaint states a claim for false advertising under Cal. Bus. & Prof. Code § 17500 because of passing references to advertising on the Northern Trust website without any reference to the harm this advertising may have caused to anyone other than LACERS. (*See* Compl. ¶¶ 59, 87.) Even assuming that these facts were originally intended to state a claim for false advertising, a complaint must do more than plead facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A complaint must plead facts sufficient to "state claims that are plausible on their face." *Id.* If such claims were truly a primary purpose of such a lengthy Complaint, Plaintiff could easily have devoted more than passing references to a clear and plausible articulation of those claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | *The People of the State of California v. Northern Trust Corp., et al.* | Page | 6 of 9 |
|---|---|---|---|

even after *Lucent*, certain actions are fundamentally public in nature even where restitution is sought, *Villalobos* addressed neither the real party in interest question nor the effect of *Lucent*.

Similarly, Plaintiff urges the Court to rely on *Cnty. of Santa Clara v. Bristol Myers Squibb Co.*, Case No. CV 12-03256, 2012 WL 4189126 (N.D. Cal. Sept. 17, 2012) ("*Bristol Myers*") and *People v. Smartwear Techn.*, Case No. CV 11-01361, 2012 WL 243343 (S.D. Cal. Jan. 25, 2012) ("*Smartwear*"), in which courts ordered remand of similar actions based on a lack of diversity. Neither case, however, cites *Lucent* or *Nevada* when determining the real party in interest. Had either case done so, that analysis would likely be more relevant to this Court's analysis. Because *Lucent* announces a new standard for the real party in interest analysis, *Bristol Myers*'s and *Smartwear*'s silence on the applicability of that case is of little assistance here. More importantly, the pleadings in *Bristol Myers* and *Smartwear* are not comparable to those at issue here, because Plaintiff's Complaint is focused entirely on harms allegedly suffered by LACERS, a single, private entity. This Court's decision rests on its evaluation of Plaintiff's pleadings as a whole *in this case*.

As the Court noted in its order on February 27, 2013, the standards for reconsideration under Fed. R. Civ. P. 60(b) and C.D. Cal. Local Rule 7-18 are rigorous. Plaintiff has failed to demonstrate that the Court committed error in reaching its conclusion, or that new facts or law have arisen since issuance of the Diversity Order that require a different result. The Court is bound by *Lucent* and the standard it sets forth, and it finds that this standard requires the Court to exercise jurisdiction on the facts of this case. Accordingly, Plaintiff's motion to reconsider the Diversity Order is **DENIED**.

**B.      The Court Must Remand Plaintiff's UCL Claims to Allow Plaintiff to Pursue Those Claims**

In its Dismissal Order, the Court ordered the parties to submit supplemental briefing on whether Plaintiff's UCL claims should be dismissed without prejudice or remanded to state court. In actions in federal court based on diversity jurisdiction, courts may not remand the entire action where they lack jurisdiction over some, but not all, of the claims for some other reason. *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1006-07 (9th Cir. 2001). Therefore, the fact that Plaintiff lacks standing to pursue its UCL claims in federal court does not allow this Court to remand the action in its entirety.

The remand statute, 28 U.S.C. § 1447(c), does not, on its face, foreclose the possibility of partial remand where diversity jurisdiction exists as to all claims but a plaintiff lacks standing as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 7 of 9 |
|---|---|---|---|

to some claims.[5]  *Lee*, 260 F.3d at 1007, n.8 ("*Schacht* left open the possibility that § 1447(c) might permit a district court to retain claims over which the court has subject matter jurisdiction, but remand those over which it lacks jurisdiction. . . .  Some support for this interpretation . . . derives from the historical origins of the term 'civil action' in the removal statutes.") (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 392, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998)).  In *Schacht*, the Court noted, "[c]onceivably, one might also read the statute's reference to 'case' to include a claim within a case as well as the entire case."  *Schacht*, 524 U.S. at 392.  Thus, the Ninth Circuit has acknowledged that "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court."  *Lee*, 260 F.3d at 1007.  A partial remand might be appropriate where dismissal would require the plaintiff to "forfeit an otherwise viable state-law claim."  *Id.*

The Supreme Court has also endorsed the possibility of partial remand where dismissal would foreclose the plaintiff from litigating his claims.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351-52, 108 S. Ct. 614, 620, 98 L. Ed. 2d 720 (1988).  In *Carnegie-Mellon*, the Court explained that, in some cases, dismissal could conflict with the principle of comity to State courts, because "[t]he preclusion of valid state-law claims initially brought in timely manner in state court undermines the State's interest in enforcing its law."  *Id.*  Although both *Schacht* and *Carnegie-Mellon* were cases involving federal question jurisdiction, not jurisdiction based on diversity of citizenship, the Court sees no reason to draw such a distinction here.  *See Lee*, 260 F.3d at 1004 (noting, "[t]here is no meaningful distinction between federal question and diversity jurisdiction that would direct a different result in this case").  *Lee* addressed nearly identical facts—in a diversity action removed from state court, the plaintiff lacked standing to pursue UCL claims, but not other claims—and therefore its reliance on *Schacht* and *Carnegie Mellon* is instructive here.

Dismissal of Plaintiff's UCL claims for lack of standing would allow Plaintiff to re-file those claims, as the parties do not contest that Plaintiff has standing to pursue those claims in state court.  *See* Cal. Bus. & Prof. Code § 17204 ("Actions for relief pursuant to this chapter shall be prosecuted . . . by . . . a city attorney of a city having a population in excess of 750,000 . . . in the name of the people of the State of California upon their own complaint . . . .").  In that instance, however, diversity might still exist and Defendants could remove the action to federal court anew, triggering a vicious cycle of removal, dismissal, and re-filing in which Plaintiff

---

[5] Section 1447(c) states in relevant part:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 8 of 9 |
|---|---|---|---|

could never pursue the merits of its UCL claims. Thus, dismissal of the UCL claims would force Plaintiff to forfeit its otherwise viable state law claims, a result that *Lee* specifically discussed.[6]

      Defendants point to several cases that have declined to follow *Lee*, but the facts of those cases are distinguishable from the facts here. In *Nishi v. Ethicon*, Case No. 00-02709, 2003 WL 917978 at *3-4 (N.D. Cal. Feb. 26, 2003), the court declined to remand the UCL claims because, although the action was removed to federal court, the UCL claims were added later in an amended complaint and thus *had not been filed in state court* in the first instance. In *Deitz v. Comcast Corp.*, Case No. 06-06352, 2006 WL 3782902 at *5 (N.D. Cal. Dec. 21, 2006), the court did not even discuss, let alone reject, the possibility of a partial remand, and therefore it had no occasion to address *Lee* or the remand statute. Contrary to Defendants' assertion, *Lee* did not "reject[] the concept of a partial remand in the absence of statutory authority." (Defs.' Suppl. Brief at 5 [Doc. # 75].) Rather, the court specifically acknowledged that both the statute and the Supreme Court have left open the possibility of a partial remand in limited circumstances, but it declined to remand because it concluded that the plaintiff did not face a threat of forfeiture.[7] *Lee*, 260 F.3d at 1007. The Court concludes that, here, Plaintiff does face a threat of being forced to forfeit its claims, and therefore partial remand is appropriate.

### III.
### CONCLUSION

      In light of the foregoing, the Court orders the following:

      (1)      Plaintiff's Motion to Reconsider is **DENIED**;

      (2)      The First and Third Causes of Action of the Complaint [Doc. # 1] under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* are **REMANDED** to Los Angeles Superior Court;

---

[6] *Lee* discussed the forfeiture problem as it arises where claims would be barred by a state statute of limitations. Plaintiff does not argue that the UCL claims would be time-barred if filed in state court, and it does not appear that they would be under state law. *See Blanks v. Shaw*, 171 Cal. App. 4th 336, 364, 89 Cal. Rptr. 3d 710 (2009) (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 178-79, 96 Cal. Rptr. 2d 518 (2000)) (noting that UCL claims are subject to a four-year statute of limitations, even if the underlying claims would be time-barred if brought as an independent cause of action). Nevertheless, Plaintiff faces a similar forfeiture of its claims here because Defendants may well continue to remove the action to federal court until the claims are time-barred.

[7] The *Lee* court assumed, without explanation, that the defendant would not simply remove the UCL claims anew after the plaintiff re-filed them in state court. 260 F.3d at 1006. As discussed above, n.5, *supra*, the Court sees no reason to distinguish between claims forfeited by an expired statute of limitations and claims forfeited by operation of the removal loop potentially at play in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-01813 DMG (FMOx)** | Date | April 10, 2013 |
|---|---|---|---|

| Title | ***The People of the State of California v. Northern Trust Corp., et al.*** | Page | 9 of 9 |
|---|---|---|---|

      (3)     In light of the Court's ruling, the First and Third Causes of Action of the FAC [Doc. # 79] are stricken.

**IT IS SO ORDERED.**